**FILED**

**MAR - 5 2020**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

John J. Wilson, Jr.,                          )
                                              )
                 Petitioner,                  )
                                              )     Civil Action No. 20-387 (UNA)
                                              )
                                              )
Daniel J. Alfonson *et al.*,                  )
                                              )
                 Respondents.                 )

### MEMORANDUM OPINION

Petitioner, appearing *pro se*, is a Florida state prisoner incarcerated in Daytona Beach,

Florida. He has filed an application to proceed *in forma pauperis* and a Petition for Temporary

Injunction and Restraining Order against respondents in Florida. *See* Pet. at 3-9 ("Procedural

History & Statement of Facts"). The Court will grant the *in forma pauperis* application and

dismiss the case pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's

action upon a determination that the complaint fails to state a claim upon which relief may be

granted).

Temporary restraining orders and preliminary injunctions are extraordinary remedies. A

temporary restraining order can be granted without written or oral notice to the adverse party

only if "specific facts in an affidavit or a verified complaint clearly show that immediate and

irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

in opposition." Fed. R. Civ. P. 65(b)(1). "Every order granting an injunction and every

restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and

(C) describe in reasonable detail--and not by referring to the complaint or other document--the

1

FILED

MAR - 5 2020

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Under the local rules of this Court, moreover,

> [a]n application for a temporary restraining order shall be made in a motion separate from the complaint. The application shall be accompanied by a certificate of counsel, or other proof satisfactory to the Court, stating (1) that actual notice of the time of making the application, and copies of all pleadings and papers filed in the action to date or to be presented to the Court at the hearing, have been furnished to the adverse party; or (2) the efforts made by the applicant to give such notice and furnish such copies. Except in an emergency, the Court will not consider an ex parte application for a temporary restraining order.

LCvR 65.1(a).

Petitioner has not submitted a separate complaint or a discernible affidavit, and he has not otherwise complied with the local rule. Regardless, the Court cannot fashion an order based on Petitioner's baffling assertions in the petition, which concludes with a "Prayer for Relief"

> that the F.I.S.A. Court undertakes jurisdiction based on the National Security issues at stake, and enters judgment: Granting [among other relief] . . . a declaration of [Petitioner's] covert participation and employment in Federally sanctioned and mandated 'special access' intelligence program codenamed: Duke Magog . . . and that the acts & omissions described herein violate provisions of the Logan Act, and violate Plaintiff's Rights under the Florida and U.S. Constitutions[.]

Pet. at 13-14. Accordingly, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088,

2

1091 (D.C. Cir. 1985) (other citation omitted)).  A separate order accompanies this

Memorandum Opinion.

Date:  March ⎽⎽⎽⎽, 2020

United States District Judge